JUSTICE MCKINNON,
concurring.
¶22 I agree with the Court’s decision and analysis regarding § 28-2-1501, MCA, and its application to these proceedings. However, I feel compelled to add what appears to be obvious, but nonetheless overlooked; that LMM may not, as the breaching party, choose the remedy for its breach. An anticipatory breach gives the wronged party, in these proceedings Boyne, the right to either rescind the contract, treat the repudiation as a breach, or to bring suit after the time for performance has passed. Anticipatory repudiation allows, but does not require, a wronged party to bring a breach of contract action before the time the opposing party’s performance is due.
¶23 We held in STC, Inc. v. City of Billings, 168 Mont. 364, 370-71, 543 P.3d 374, 377 (1975), that the legal effect of an anticipatory breach is described in 17A C.J.S. Contracts § 472(1), pp. 653-55, by this language:
Where a party bound by an executory contract repudiates or renounces his obligation before the time for performance the promisee has according to the great weight of authority, an option to treat the contract as ended, as far as further performance is concerned, and to maintain an action at once for damages occasioned by such anticipatory breach, repudiation, or renunciation, even in the absence from the contract of a specific provision authorizing the maintenance of an action or the declaring of a forfeiture.
¶24 Accordingly, I would, in addition to the Court’s analysis of § 28-2-1501, MCA, definitively reject LMM’s attempt to choose the remedy Boyne may elect for LMM’s anticipatory breach. The remedy for anticipatory breach is at the option of the wronged party, which is not only consistent with our own precedent, but the universal rule and weight of authority from other jurisdictions.
¶25 For these reasons, I concur.